UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JACK SULLIVAN

    v.                                                                                 Civil No. 26-cv-070-SM-TSM

CARMEN PACHECO AND
SERGIO JIMENEZ

## REPORT AND RECOMMENDATION

Plaintiff, Jack Sullivan, proceeding pro se, filed a Complaint (Doc. No. 1) in forma pauperis in this court, asserting that Defendants delayed proceedings "in violation of 42 U.S.C. § 1983." The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

## PRELIMINARY REVIEW STANDARD

In conducting preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court construes pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). To determine if a pleading states a claim upon which relief can be granted, the court takes as true the facts asserted in the Complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## DISCUSSION

Stripped of legal conclusions regarding violations of 42 U.S.C. § 1983, the Complaint

asserts that Defendants, Sergio Jimenez and Carmen Pacheco, "delayed [unspecified] proceedings." Plaintiff, with an out-of-state return-address, has not asserted any facts indicating that this case bears any connection to New Hampshire, or that matters described in the Complaint affected his own rights in any way. The allegations in the Complaint fail to state a claim upon which relief can be granted.

As of the date of this Report and Recommendation, more than thirty federal judicial districts docketed the same Complaint filed by the same Plaintiff against the same Defendants. Without undertaking a comprehensive assessment of how each of those courts handled Sullivan's Complaint in the days that have passed since the courts docketed the same case, this court notes that courts have dismissed the case for reasons including failure to state a claim. See, e.g., Sullivan v. Pacheco, No. 3:26-CV-00070-KDB-DCK, 2026 WL 259620, at *1, 2026 LX 70437, at *3 (W.D.N.C. Jan. 30, 2026) ("none of the allegations in Sullivan's bare bones Complaint state a cognizable federal claim or any claim over which this Court has jurisdiction").

The court in the District of Wyoming dismissed the Complaint upon preliminary review, noting that the Complaint did not appear to state a claim for relief within that court's jurisdiction as it failed to allege sufficient facts showing who did what to whom. Sullivan v. Pacheco, No. 2:26-cv-00033-ABJ (D. Wyo. Jan. 28, 2025). Then, that court found that the pattern of identical filings within that district suggested the case could be dismissed as frivolous or malicious:

> The Court has become aware of substantially similar complaints in the last month. See Adams v. Jimenez, No. 26-cv-24-KHR (D. Wyo. Jan. 22, 2026) (claiming Sergio Jimenez "conspired with others in violation of due process"); Williams v. Jimenez, No. 26-cv-13-KHR (D. Wyo. Jan 13, 2026) (claiming Sergio Jimenez and Carmen Pacheco allegedly "conspired ... in violation of due process") . . . . It is increasingly obvious these cases were filed by one person or a group of people using aliases. As the Court noted in Adams, these filings appear to harass rather than initiate legitimate litigation. Adams, No. 26-cv-24-KHR at *4.

2

Id.; see also Sullivan v. Pacheco, No. 1:26-cv-00704-SKO, 2026 WL 237746, at *3, 2026 LX 55313, at *5 (E.D. Cal. Jan. 29, 2026) (R&R) (recommending dismissal without leave to amend, as Complaint appeared to be frivolous, lacking any arguable basis in fact or law).

The Complaint here is identical to those pleadings other courts have deemed to be frivolous or malicious and to fail to state a claim. Dismissing this Complaint under 28 U.S.C. § 1915(e)(2) for those reasons is appropriate.

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss the Complaint in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

February 9, 2026

cc:   Jack Sullivan, pro se